UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| EMILIO JUAN SANCHEZ | § | |
| | § | |
| vs. | § | NO:   MO:20-CV-00127-DC |
| | § | |
| MIDLAND COUNTY SHERIFF'S | § | |
| DEPARTMENT | § | |

### ORDER DISMISSING CASE FOR WANT OF PROSECUTION

Before this Court is Plaintiff's 42 U.S.C. §1983 Civil Rights Complaint, filed May 20, 2020. [docket number 1]. On July 8, 2020, this Court Ordered Plaintiff to submit a More Definite Statement no later than August 7, 2020. [docket number 10]. That time has now passed, and Plaintiff has not responded in any way to this Court's Order. [*See generally* docket].

Plaintiff never complied with the Order to submit a More Definite Statement, even though this Court supplied him a list of ten questions to simply answer and return. Therefore, it is currently impossible for this Court to know what people Plaintiff is suing and, more importantly, why. Plaintiff is not excused for this failure because there is no evidence that he has not received the Order or that he requested additional time to respond and this Court has yet to grant said request. Taken together, these facts show Plaintiff's complete failure to prosecute his suit.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court finds that the only remedy available in light of Plaintiff's inaction is to dismiss the Complaint for want of prosecution under Rule 41(b). For the same reasons, the Court further finds that the Complaint shall be dismissed in the interest of judicial economy. The Court shall dismiss the Complaint without prejudice to allow Plaintiff another

opportunity to raise his claims, if necessary. *Callip v. Harris Cty. Child Welfare Dep't.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citations omitted) (finding that, unless otherwise specified, a dismissal for want of prosecution is a "complete adjudication on the merits, and thus with prejudice").

"The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Railroad*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.), *cert. denied*, 522 U.S. 875, 118 S.Ct. 195, 139 L.Ed.2d 133 (1997). Therefore, this Court will dismiss this case without prejudice for want of prosecution pursuant to Rule 41. If, within twenty days of this Order, Plaintiff personally completes and mails to the Court the Order for More Definite Statement, this Court will rescind this Order and reopen his case.

It is so **ORDERED**.

SIGNED this 10th day of August, 2020.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE